## ANDREW HECKINGER *v.* CASSONIER HIBRICK AND WIFE.

**New Trial—Newly Discovered Evidence.**

Although the affidavits of the witnesses by whom it is proposed to make proof of the newly discovered evidence conduces to show that the appellant was not apprised of the fact that he could make such proof by them, until after the rendition of the judgment against

him, yet he does not state this to be a fact in his own affidavit, **nor** does he state any fact showing diligence on his part.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 9, 1871.

OPINION BY JUDGE LINDSAY:

Although the affidavits of the witnesses by whom it is proposed to make proof of the newly discovered testimony conduces to show that the appellant was not apprised of the fact that he could make such proof by them until after the rendition of the judgment against him, yet he does not state this to be the fact in his own affidavit, nor does he state, or attempt to show that he at any time prior to the trial and judgment used any diligence whatever to discover who was present at the time he was charged with speaking the slanderous words. It is possible that the excitement under which he was laboring at the time might have prevented his noticing the presence of these newly discovered witnessess, but by inquiring of Siebold or his daughters he might easily have ascertained the fact that these witnesses were present and, having ascertained this fact, it would have been his duty to inquire of them as to what they knew of the prosecution.

We are of the opinion the court did not err in excluding the testimony as to remarks or charges made by Hibrick against his wife. Such charges conduced to establish the truth of the slanderous words and as the plea of justification was not made, the testimony was inadmissible.

Judgment *affirmed*.

*Woolley, for appellant.*

*Gibson, for appellees.*